**LEW BRANDON, JR., ESQ.**
Nevada Bar No.: 5880
**JEFFREY J. ORR, ESQ.**
Nevada Bar No.: 7854
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No.: 15231
**BRANDON | SMERBER LAW FIRM**
139 East Warm Springs
Las Vegas, Nevada 89119
(702) 380-0007
(702) 380-2964 – *facsimile*
l.brandon@bsnv.law
j.orr@bsnv.law
h.gonzalez@bsnv.law
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| BETTY OUTLAW, an individual.<br><br>            Plaintiff,<br><br>vs.<br><br>99 CENTS ONLY STORES LLC dba 99 CENTS ONLY STORE #211, a Foreign Limited Liability Company; MICHELLE TKACZ, an individual; DOE STORE EMPLOYEE, an individual; DOES I through XX; and ROE BUISNESS ENTITIES I through XX, inclusive,<br><br>            Defendants. | CASE NO.: |

**DEFENDANT, 99 CENTS STORE ONLY, LLC'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 USC § 1441(a)**

Defendant, 99 CENTS ONLY STORES LLC, by its undersigned attorney, LEW BRANDON, JR., ESQ., JEFFREY J. ORR, ESQ., and HOMERO GONZALEZ, ESQ., of BRANDON | SMERBER LAW FIRM, hereby removes the above-captioned case to the United States District Court, Clark County, Nevada, where the action is now pending, pursuant to 28 USC § 1441(a) and states as follows:

1. The above-entitled action was commenced in the Eighth Judicial District Court, Clark County, State of Nevada on September 12, 2022, bearing Case No. A-22-858241-C. The action is now pending in the Eighth Judicial District Court, Clark County, State of Nevada. Service of this case was effected upon Defendant on September 14, 2022.

2. Plaintiff filed her initial complaint on or about September 12, 2022. Plaintiff's Complaint fails to state that this case is one which is or has become removable. *See* <u>Harris v. Bankers Life & Cas. Co.</u>, 425 F.3d 689 (9th Cir. 2005). Defendant, 99 Cents Only Stores, LLC. filed an Answer to the initial complaint on September 21, 2022.

3. Plaintiff filed a Request for Exemption from Arbitration on October 12, 2022, citing past medical special damages in the amount of $51,068.96. This was Defendant's first indication of this case involving an amount in controversy in excess of $75,000.00. Additionally, Plaintiff's Complaint claims: (1) General damages for pain, suffering, disfigurement, mental anguish, distress, loss of enjoyment of like, shock, and agony in excess of $15,000.00; (2) special damages for past and future medical expenses in excess of $15,000.00; general damages for emotional distress in excess of $15,000.00; damages for lost past and future household services in excess of $15,000.00, and punitive damages in excess of $15,000.00. Thus, in total, this case involves an amount in controversy well in excess of $75,000.00.

4. This Notice of Removal was filed timely as it was filed within thirty (30) days of October 12, 2022, which is the date Plaintiff served upon Defendant her Request for Exemption from Arbitration. *See* 28 U.S.C. 1446(b); <u>Harris</u>, 425 F.3d 689.

5. Pursuant to Fed. R. Civ. P. 6 (a), the last day of the thirty (30) day period set forth under 28 U.S.C. 1446(b) is November 11, 2022. *See* 28 U.S.C. 1446(b), <u>Harris v. Bankers Life & Cas. Co.</u>, 425 F.3d 689 (9th Cir. 2005).

6. This action concerns Plaintiff's Complaint, in which she alleged three causes of action: (1) Negligence, Gross Negligence, Recklessness; (2) Negligence Per Se; and (3) Negligent Hiring, Supervision, and Retention.

7. At the commencement of this action and at the time of the filing of this Notice of Removal, Plaintiff, BETTY OUTLAW was, and now is, a citizen of the County of Clark, State of Nevada.

8. At the commencement of this action and at all times herein, Defendant, 99 CENTS ONLY STORES, LLC, was, and now is, a limited liability company duly organized and existing under the laws of the County of Los Angeles, State of California with its principal place of business in California, and therefore, is a citizen of the State of California.

9. A limited liability company is a citizen of every state in which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Where removal from state to federal court is at issue, the party seeking removal "bears the burden of establishing federal jurisdiction . . . ." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

10. Here, 99 CENTS ONLY STORES, LLC.' sole member is NUMBER HOLDINGS, INC., a Delaware Corporation. NUMBER HOLDINGS, INC. is organized under the laws of the State of Delaware with its principal place of business in Los Angeles County, California. In short, Defendant 99 CENTS ONLY STORES, LLC is an entity that has its principal place of business in Los Angeles County, California, and NUMBER HOLDINGS, INC., is organized under the laws of the State of Delaware with its principal place of business in Los Angeles County, California. . *Id.* Thus, for purposes of diversity analysis, 99 CENTS ONLY STORES, LLC and NUMBER HOLDINGS, INC., are citizens of California and Delaware.

11. Upon information and belief, Plaintiff's past medical special damages are fifty-one thousand, sixty-eight dollars & 96/100 ($51,068.96) with an undetermined amount of future

damages. Additionally, Plaintiff is claiming multiple further damages in her Complaint, which results in the amount in controversy exceeding the Seventy-Five Thousand Dollar ($75,000.00) threshold.

12. The United States District Court for the District of Nevada has original jurisdiction pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different States and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs.

13. Accordingly, Plaintiff's Complaint is removed pursuant to 28 U.S.C. 1441, which provides that a defendant may remove a case over which the federal court has original jurisdiction.

14. A copy of all process and pleadings served upon the are attached hereto as ***Exhibit A***.

WHEREFORE, Defendant, 99 CENTS ONLY STORES LLC, a California limited liability company respectfully requests that this action proceed in the United States District Court for the District of Nevada as an action properly removed to it under the diversity of citizenship statute.

DATED this 12th day of October 2022.

**BRANDON | SMERBER LAW FIRM**

 /s/ *Lew Brandon, Jr., Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**JEFFREY J. ORR, ESQ.**
Nevada Bar No.: 7854
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No.: 15231
139 East Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that on October 12, 2022, I served the foregoing **DEFENDANT, 99 CENTS STORE ONLY, LLC' S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT UNDER 28 USC § 1441(a)** via the Court's electronic filing and service systems to all parties on the current service list.

**LUIS A. AYON, ESQ.**
Nevada Bar No. 9752
**MICHAEL T. NIXON, ESQ.**
Nevada Bar No. 12839
**SOUTHWEST INJURY LAW**
8716 Spanish Ridge Avenue, Suite 120
Las Vegas, Nevada 89148
(702) 600-3200
Facsimile: (702) 947-7110
laa@swinjurylaw.com
mtn@swinjurylaw.com
*Attorneys for Plaintiff,*
*BETTY OUTLAW*

/s/ Meghan Allen
An Employee of BRANDON | SMERBER LAW FIRM