**SAO**
**RAMZY PAUL LADAH, ESQ.**
Nevada Bar No. 11405
**MICHAEL T. NIXON, ESQ.**
Nevada Bar No. 012839
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
F: 702.248.0055
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OR NEVADA

| | |
|---|---|
| BETTY OUTLAW, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> 99 CENTS ONLY STORES LLC dba 99 CENTS ONLY STORE #211, a Foreign Limited Liability Company; MICHELLE TKACZ, an individual, DOE STORE EMPLOYEE, an individual; DOES I through XX; and ROE CORPORATIONS I-XX, inclusive, <br><br> Defendants. | Case No.:  2:22-cv-01720-JCM-DJA <br><br> **STIPULATION AND ORDER TO EXTEND DISCOVERY (SECOND REQUEST)** |

**IT IS HEREBY STIPULATED** by and between the parties hereto and their respective counsel of record that the discovery deadlines be continued in this matter. Good cause exists to extend discovery deadlines, for this Second Request, so that the parties may continue diligently engaging in discovery necessary to determine the facts essential to this case. Good cause is present for the stipulation under LR II 26-3.

    **A.**    **THE PARTIES HAVE COMPLETED THE FOLLOWING DISCOVERY**

    1.    The parties participated in the Fed. R. Civ. P. 26(f) conference;

    2.    Both parties have made their disclosures pursuant to Fed. R. Civ. P. 26.1(a)(1).

    3.    Both parties have served written discovery including interrogatories, requests for admissions, and requests for production of documents.

1

4.  Defendant has deposed Plaintiff.

5.  Defendant responded to written discovery.

6.  Plaintiff has responded to written discovery.

7.  Plaintiff noticed the depositions of Michelle Tkacz, Asfia Khan, Evelia Gillian, Shaistia Rounaque, Matthew Neff, and Deborah White.

**B.    DISCOVERY THAT REMAINS TO BE COMPLETED**

1.  Second attempted Deposition of witness, Asfia Khan.

2.  Second attempted Deposition of witness, Evelia Gillian.

3.  Second attempted Deposition of witness, Shaistia Rounaque.

4.  Second attempted Deposition of witness, Matthew Neff.

5.  Deposition of 30 (b)(6) Witness for 99 Cents Stores.

6.  Retain experts.

7.  Depositions of Plaintiff's Respective treating physicians;

8.  Depositions of remaining percipient witnesses.

9.  Depositions of Defendant' retained experts.

10.  Depositions of Plaintiff's retained experts.

6.  Other depositions of identified witnesses may be necessary.

7.  Obtain all of Plaintiff's medical records.

8.  Further discovery as needed.

**C.    DISCOVERY THAT REMAINS TO BE COMPLETED**

The parties assert that *excusable neglect* and *good cause* compel them to seek an extension of discovery deadlines and a continuance of the trial. Despite that the parties have been diligent in moving the case forward, as established above, *excusable neglect* has resulted in unanticipated delays in completing certain discovery. Specifically, the Ladah Law Firm recently took over this

case on behalf of Plaintiff and requires time to complete depositions. The most recent discovery cut-off has not expired and the parties are making every effort to complete discovery within a reasonable timeframe. Unfortunately, there have been several no-shows or technical problems that have prevented crucial depositions from being completed. The depositions of witnesses, Asfia Kahm, Matthew Neff, Evelia Gillian, Deborah White, and Shaistia Rounaque had to be rescheduled because of the inability to complete the depositions for a variety of reasons, including several no-shows. Although both parties have made diligent efforts to meet the discovery deadline, Plaintiff Counsel's calendar does not have any availability to take these depositions until the end of May due to his trial calendar. At the time of this request, Counsel for Plaintiff has 7 firm trials between April 6 and May 22.

It has also been discovered that there may be additional, necessary parties to this Action that can only be determined by completing the necessary depositions. It appeared that neither party was presently aware of the correct identity of the then-store manager and other necessary corporate witnesses to this matter until discovery had commenced. Plaintiff's counsel only recently learned of these matters through disclosure by Defense counsel just a few weeks ago.

As a result, the parties have agreed, pending approval of this Honorable Court, to extend the current discovery deadlines.

   D.   **DISCOVERY SCHEDULE**

As a result of the above, it is requested that the discovery deadlines in this case be continued 60 days from their present deadlines.

   1.   **Discovery Cut-Off Date:** The parties jointly propose that the discovery cut-off date be extended 60 days from its present deadline of June 23, 2023, to **Tuesday, August 22, 2023.**

2. **Amending the Pleadings and Adding Parties:** Motions to amend pleadings and add parties shall be filed no later than ninety (90) days before the close of discovery: **Wednesday, May 24, 2023.**

3. **Fed.R.Civ.P. 26(a)(2) Disclosures (Experts):**

**Initial expert disclosures:**

Pursuant to Fed. R. Civ. P. 26(a)(2)(D)(i), initial expert disclosures shall be due no later than sixty (60) days before the close of discovery: **June 23, 2023.**.

**Rebuttal expert disclosures:**

Pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii), rebuttal expert reports shall be due no later than thirty (30) days before the close of discovery: **July 24, 2023**.

4. **Interim Status Report:** Under recent changes in the rules, the parties will not file an interim status report previously required by LR 26-3.

5. **Dispositive Motions:** In the event that the discovery period is extended from the discovery cut-off date set forth in the proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended 60 days from its present deadline of July 21, 2023, to **Tuesday, September 19, 2023.**

6. **Pretrial Order:** The date for filing the joint pretrial order shall not be later than **October 19, 2023** – 30 days after the cut-off date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

**7.     Fed.R.Civ.P. 26(a)(3) Disclosures:** The disclosures required by Fed.R.Civ.P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

**8.     Alternative Dispute Resolution:** Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration and/or an early neutral evaluation. The parties agree that an early neutral evaluation would not be effective at this time as the parties and their counsel believe that it is necessary to conduct discovery before attempting to resolve this case. Counsel further agree that a settlement conference may be beneficial after discovery is concluded. Finally, the parties and their counsel are not interested in submitting this case to arbitration.

**9.     Alternative Forms of Case Disposition:** The parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and at present do not consent to either alternative form of case disposition.

**10.    Electronic Evidence:** The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding use of electronic evidence but will address this issue again in the Pre Trial Order.

///

///

///

5

11. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made no later than 21 days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-4.

**DATED** this 20th day of April, 2023.   **DATED** this 20th day of April, 2023.

**LADAH LAW FIRM**   **BRADON / SMERBER FIRM**

/s/ Michael T. Nixon, Esq.   /s/ Jeffrey J. Orr, Esq.

**RAMZY PAUL LADAH, ESQ.**   **LEW BRANDON, JR., ESQ.**
Nevada Bar No. 11405   Nevada Bar No. 5880
**MICHAEL T. NIXON, ESQ.**   **JEFFREY J. ORR, ESQ**.
Nevada Bar No. 012839   Nevada Bar No. 7854
517 S. Third Street   **HOMERO A. GONZALEZ, ESQ.**
Las Vegas, NV 89101   139 E. Warm Springs Road
Attorneys for Plaintiff   Las Vegas, NV 89119
   *Attorneys for Defendant,*
   *99 CENTS ONLY STORES LLC and*
   *MICHELLE TKACZ*

**IT IS SO ORDERED**
**DATED:** April 21, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE